No. 14,859.

IN RE EMERSON.
EMERSON *v.* GUTHNER, MANAGER OF SAFETY ET AL.
(108 P. [2d] 866)

Decided December 16, 1940.

Mr. Isaac Mellman, for plaintiff in error.

No appearance for defendants in error.

*In Department.*

Mr. Justice Knous delivered the opinion of the court.

On August 19, 1940, there was issued by the district court of the City and County of Denver a writ of habeas corpus directed to the chief of police and the manager of safety of Denver, respectively, who, it was alleged in the application therefor, illegally imprisoned and detained Walter Emerson, the petitioner. The writ was returnable August 22, 1940. It does not appear from the record at what hour on such day the writ issued or was served. The return to the writ denied the allegations of the petition and affirmatively recited that at approximately 11:45 a.m. on August 19th the petitioner, who then allegedly was a fugitive from justice from the state of Wyoming and had been charged therein with the crime of accessory after the act, a felony, signed a waiver of extradition to that jurisdiction, immediately following which, in compliance with the interstate compact between the states of Colorado and Wyoming, the respondents, through their agents, delivered petitioner to a Wyoming officer, who was then present with the proper warrant for his arrest on the aforesaid charges, and that as a result petitioner was not in the custody of respondents when the writ of habeas corpus was issued; wherefore, they prayed that the same be discharged. Peti-

tioner's answer to the return conceded that he had been delivered to the Wyoming officer by the respondents' agents, but by denials and affirmative averments by way of confession and avoidance, raised issues of fact on the allegations of the return detailed above.

Upon the return day of the writ petitioner appeared by counsel and applied for a hearing on the merits of the cause and for a subpoena and subpoena duces tecum. The district attorney objected thereto and moved for dismissal of the cause on the ground that the petition was not within the jurisdiction of the court, presumably upon the theory that the person of the petitioner was not in the custody of respondents when the writ issued or since, and upon the further ground that under the interstate compact respondents had the right to deliver petitioner as they alleged. Without hearing testimony the trial court dismissed the cause and writ of habeas corpus as well. The record does not disclose which of the asserted grounds was adopted by the court as a basis for the order of dismissal. The sole question here presented is whether, under the circumstances attendant, the court erred in refusing to grant petitioner a hearing.

Ordinarily, in a habeas corpus proceeding, there can be no doubt that under our statute, section 3, chapter 77, '35 C.S.A., where the person allegedly restrained has challenged the truth of the officers' return on the face, as therein provided, such court must "settle the facts by hearing the testimony and arguments" and then "dispose of the prisoner as the case may require." However, the expression of this truism does not finally dispose of the questions presented in the case, since it also is certain that to warrant such hearing a court must have jurisdiction of the respondents and the person allegedly suffering restraint, and to satisfy this requirement it usually is necessary that the alleged restraint shall be exercised upon such person within the state or territory, as it is a cardinal principle of the law that no

sovereignty by its judgment can directly restrain or relieve persons beyond its limits. 25 Am. Jur., p. 222, §106. Nevertheless, by way of exception to the foregoing rule, if it appears that the respondent is able to produce the party, it is generally considered that the writ may issue, notwithstanding the party restrained is not within the state. 29 C.J., p. 116, §113. As pertaining to a child removed from Colorado by its father, a resident of this jurisdiction, we so held in *Breene v. Breene,* 51 Colo. 342, 117 Pac. 1000. As we understand, petitioner was not within the state of Colorado on the day of the hearing. Such being the situation, even if the petitioner's removal was effected to avoid the operation of the writ, as is alleged, unless the case is within the exception last mentioned, a Colorado court then was powerless to liberate the petitioner, no matter how illegal or unjust his present or past detention was, and a hearing as to the verity of the return would have been futile of result as to the basic relief sought. If it is true that respondents connived on the avoidance of the operation of the writ by the challenged transfer they might be subject independently to the civil liability provided by section 13, chapter 77, supra, a criminal prosecution under section 14, or penalties for contempt, none of which necessarily would affect the custodial status of petitioner.

■■ Whether justification existed for the hearing of testimony upon the question of respondents' ability to produce the petitioner as a foundation for securing his return through action of the Colorado court directed toward them, presents a problem difficult of solution. Counsel for petitioner argues that such occasion arises from the fact that while it is alleged in the return that petitioner was not in respondents' custody when the writ was issued, there is not so much as a suggestion therein that he was not under their control or that his return could not be procured by them. The answer also is silent upon these precise subjects but it is alleged therein that at about 11 o'clock a.m. on the day the writ issued while

petitioner was still in the hands of respondents, the police sergeant directly controlling his custody was informed by counsel that a writ was being applied for immediately; also it is pleaded that this Denver police sergeant conveyed this information to the Wyoming officer when petitioner was delivered to the latter. If these allegations are true, it is possible that these officers may have given some consideration to attendant eventualities and arrived at some understanding with respect thereto. In view of the rather unusual circumstances suggested by the pleadings and in the recollection that, "It must never be forgotten that the writ of habeas corpus is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired" (*Bowen v. Johnston,* 306 U.S. 19, 59 Sup. Ct. 442, 83 L. Ed. 455), we are of the opinion that it would have been better practice for the district court to have inquired as to the ability of respondents to produce petitioner than to proceed as it did. Further, if the second ground of the district attorney's motion for dismissal, based on the premise that the Colorado officer had a right to deliver petitioner to the Wyoming authorities by virtue of an interstate compact between these states, was a factor in ordering the dismissal, which we are unable to determine from the record, it would seem that proper consideration could not have been given the issues thereon raised by the answer without the introduction of evidence.

Accordingly the judgment of dismissal is reversed and the cause remanded for further proceedings not inconsistent herewith. If petitioner should be brought within its jurisdiction, the district court should proceed further in accordance with section 3, chapter 77, supra.

MR. CHIEF JUSTICE HILLIARD, MR. JUSTICE YOUNG and MR. JUSTICE BURKE concur.